-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JASMINE JAEL GONZALEZ,

Plaintiff,

**DECISION AND ORDER**

-v-

6:15-CV-6703G

JOAN S. KOHOUT, MARQUITA HILL,
THERESA DEARCOP, SHAWANDA MARTIN,
LATONYA SAUNDERS, CRAIG DORAN
and NANCY GEARHART,

Defendants.

## INTRODUCTION

Plaintiff Jasmine Jael Gonzalez has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Dkt. 1) and has requested permission to proceed *in forma pauperis* (Dkt. 2) and appointment of counsel (Dkt. 3). Plaintiff claims that the defendants, Family Court Judge Joan S. Kohout, Monroe County Division of Human Services caseworkers Marquita Hill, Shawanda Martin, and LaTonya Saunders, Investigator Theresa Dearcop, Supervising Supreme Court Judge Craig Doran, and English Village School counselor Nancy Gearhart, violated her constitutional rights when Plaintiff's identity as a domestic violence survivor was made public during a court appearance, she was denied due process during proceedings that resulted in her loss of custody of three cousins, and the childrens' rights under HIPAA were violated. For the reasons discussed below, Plaintiff's request to proceed as a poor person is granted, and the complaint is dismissed for lack of subject matter jurisdiction. Plaintiff's motion for appointment of counsel is denied as moot.

## DISCUSSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Therefore, Plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. requires the Court to conduct an initial screening of this complaint.

United States District Courts have limited jurisdiction, and are "empowered to act only within the bounds of Article III of the United States Constitution and statutes enacted by Congress stemming therefrom." *W.G. v. Senatore*, 18 F.3d 60, 64 (2d Cir. 1994) (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 173-80 (1803)). The issue of "[f]ederal subject matter jurisdiction may be raised at any time during litigation and must be raised *sua sponte* when there is an indication that jurisdiction is lacking." *Hughes v. Patrolmen's Benevolent Ass'n of the City of N.Y., Inc.*, 850 F.2d 876, 881 (2d Cir. 1988) (citations omitted).

### *Rooker-Feldman* Doctrine

Plaintiff seeks to reopen a custody case to retain custody of her cousins and have the opportunity to prove that it is in the childrens' best interests to be returned to her custody. The *Rooker-Feldman* doctrine provides that, in most circumstances, the lower federal courts do not have subject matter jurisdiction to review final judgments of state courts. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 452, 482-83 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414-16 (1923). In 2005, the Supreme Court of the United States clarified the scope of the doctrine, explaining that it applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection

of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In *Hoblock v. Albany Cnty. Bd. of Elections*, the Second Circuit Court of Appeals noted that *Exxon-Mobil* "pared back the *Rooker-Feldman* doctrine to its core. . . ." 422 F.3d 77, 85 (2d Cir. 2005). It interpreted the Supreme Court's opinion to specify four requirements that must be met for *Rooker-Feldman* to apply: "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must 'complain[ ] of injuries caused by [a] state-court judgment[.]' Third, the plaintiff must 'invite district court review and rejection of [that] judgment[ ].' Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced' – i.e., *Rooker-Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation." *Id.* (quoting *Exxon Mobil*, 544 U.S. at 284) (alterations in original). Plaintiff's pleadings make clear that all of the four requirements for *Rooker-Feldman* abstention apply to this action. Therefore, the action must be dismissed because this Court does not have subject matter jurisdiction over the claims.

To the extent Plaintiff wishes to allege a separate claim for either a HIPAA privacy violation or the failure to guard her identity during the family Court proceeding, neither supports a separate claim in this Court. Plaintiff has not identified any federal or constitutional right upon which she bases her claims. In addition, there is no private right of action for violation of the Health Insurance Portability and Accountability Act's (HIPAA) confidentiality provisions. 45 C.F.R. §§ 160.306, 160.308; *Spencer v. Roche*, 755 F. Supp. 2d 250, 271 (D. Mass. 2010), *aff'd*, 659 F.3d 142 (1st Cir. 2011).

3

## **CONCLUSION**

Plaintiff's claims must be dismissed for lack of subject matter jurisdiction.  Plaintiff's motion for appointment of counsel is denied as moot.

Because pleadings filed in federal courts are publicly available on the Internet, and the exhibits include both the names of minor children and the protected identity of a domestic violence survivor, the Clerk of Court is directed to restrict the exhibits to this complaint to the parties alone.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:        November 24, 2015
              Rochester, New York

4